**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JOSE MORENO,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWEST IOWA PORK, a division of ITOHAM AMERICA, INC., an Iowa corporation,<br><br>    Defendant. | No. C19-4032-LTS<br><br>**ORDER ON<br>REPORT AND<br>RECOMMENDATION** |
| JOSE MAGANA,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTHWEST IOWA PORK, a division of ITOHAM AMERICA, INC., an Iowa corporation,<br><br>    Defendant. | No. C19-4033-LTS<br><br>**ORDER ON<br>REPORT AND<br>RECOMMENDATION** |

## *I.    INTRODUCTION*

These matters are before me on a Report and Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. C19-4032, Doc.

No. 21; C19-4033, Doc. No. 21. Judge Mahoney recommends that I remand these cases to state court for lack of subject-matter jurisdiction. No objections have been filed.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. I find no error in Judge Mahoney's recommendation. These cases were removed from state court based on federal question jurisdiction. *See* C19-4032, Doc. No. 1; C19-4033, Doc. No. 1. At a status conference on October 11, 2019, plaintiffs confirmed that they are pursuing only claims arising under state law and do not intend to assert any federal claims. *See* C19-4032, Doc. No. 20; C19-4033, Doc. No. 20; *see also* C19-4032, Doc. No. 4; C19-4033, Doc. No. 5. The parties agreed at the conference that this court lacks subject-matter jurisdiction over these cases. *See* C19-4032, Doc. No. 21; C19-4033, Doc. No. 21. As such, I adopt the R&R in its entirety.

### IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (C19-4032, Doc. No. 21; C19-4033, Doc. No. 21) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, these cases are **remanded** to the Iowa District Court for Woodbury County, where they originated.

**IT IS SO ORDERED.**

**DATED** this 4th day of November, 2019.

                                                Leonard T. Strand, Chief Judge